United States District Court
For the Northern District of California

1
2
3           UNITED STATES DISTRICT COURT
4           NORTHERN DISTRICT OF CALIFORNIA
5
6   HAROLD J. BOWDEN,
7                   Petitioner,              No. C 15-5305 EDL (PR)
8       v.                                   **ORDER OF DISMISSAL**
9   M.E. SPEARMAN,
10                  Respondent.
11   _____/
12          Petitioner, a California state prisoner, has filed a pro se petition for a writ of habeas
13   corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  For the reasons
14   stated below, petitioner's petition is DISMISSED.
15                           **DISCUSSION**
16   **A.    Standard of Review**
17          This court may entertain a petition for a writ of habeas corpus "in behalf of a person
18   in custody pursuant to the judgment of a State court only on the ground that he is in
19   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
20   2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).
21          A district court shall "award the writ or issue an order directing the respondent to
22   show cause why the writ should not be granted, unless it appears from the application that
23   the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary
24   dismissal is appropriate only where the allegations in the petition are vague or conclusory,
25   palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490,
26   491 (9th Cir. 1990) (quoting *Blackledge v. Allison,* 431 U.S. 63, 75-76 (1977)).
27   **B.    Legal Claims**
28          Petitioner argues that he has been classified as "P-VIO."  Petitioner does not explain

United States District Court

For the Northern District of California

1  what "P-VIO" stands for, but, from Petitioner's papers, it seems the classification somehow

2  designated Petitioner as being "violent."  Petitioner disputes that the "P-VIO" designation is

3  accurate, and requests dismissal of the designation.  When Petitioner received the "P-VIO"

4  designation, he was moved from Level I housing status into a more restrictive facility

5  because the CDCR determined that Petitioner was "too violent" to remain in Level I.

6       However, the petition does not attempt to challenge either the Petitioner's underlying

7  conviction, or the length of his sentence.  Petitioner challenges the "P-VIO" designation,

8  and wishes for it to be removed.  Success in this action would not result in Petitioner's

9  release or any change in his sentence.  The Ninth Circuit has concluded that an inmate

10 may bring a habeas action only if success on the claim would "necessarily spell speedier

11 release." *Nettles v. Grounds*, 788 F.3d 992, 1000 (9th Cir. 2015).  Habeas relief is

12 therefore proper when an inmate is seeking "termination of custody, acceleration of the

13 future date of release from custody, or reduction of the level of custody." *Id.* at 1007.  Here,

14 even if Petitioner were to successfully litigate this claim, it would not terminate his custody,

15 necessarily accelerate the future date of his release from custody, or reduce his level of

16 custody. *See id.* at 1001.

17      In *Nettles*, the Ninth Circuit made a clear distinction between inmates who were

18 seeking expungement of an incident from his disciplinary record when that would lead to a

19 speedier release from segregation, and inmates who "merely seek a different program of

20 location or environment." *Nettles*, 788 F.3d at 1005.  Inmates in the former scenario raise a

21 cognizable habeas claim for relief.  Inmates in the latter scenario have not.  *Id.*  This is true

22 "even if the program or location or environment that he is challenging is more restrictive

23 than the alternative he seeks." *Id.*  To raise a cognizable claim on habeas, a prisoner must

24 seek a "quantum change in the level of custody, such as the release from disciplinary

25 segregation into the general population, or release from prison on bond, parole, or

26 probation." *Id.* at 1005.  Here, although it appears Petitioner is seeking a less restrictive

27 program or housing, Petitioner does not seek the "quantum change in the level of custody,"

28

2

**United States District Court**
For the Northern District of California

1   as described by *Nettles* that is required before a federal court may entertain his claims on

2   habeas.  Thus, habeas jurisdiction is absent in this case.

3       Although a district court may construe a habeas petition by a prisoner attacking the

4   conditions of his confinement or some other condition that he contends violates his

5   constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording*

6   *v. Swenson*, 404 U.S. 249, 251 (1971), the court declines to do so here.  The difficulty with

7   construing a habeas petition as a civil rights complaint is that the two forms used by most

8   prisoners request different information and much of the information necessary for a civil

9   rights complaint is not included in the habeas petition filed here.  Examples of the potential

10  problems created by using the habeas petition form rather than the civil rights complaint

11  form include the potential omission of intended defendants, potential failure to link each

12  defendant to the claims, and potential absence of an adequate prayer for relief.

13  Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee of

14  $400.00 rather than the $5.00 habeas filing fee to pursue his claims.  The habeas versus

15  civil rights distinction is not just a matter of using different pleading forms.  It is not in the

16  interest of judicial economy to allow prisoners to file civil rights actions on habeas forms

17  because virtually every such case, including this one, will be defective at the outset and

18  require additional court resources to deal with the problems created by the different filing

19  fees and the absence of information on the habeas form.

20      Petitioner is advised that his claims should be brought, if at all, in a federal civil rights

21  action, pursuant to 42 U.S.C. § 1983. Thus, Petitioner's claim is dismissed without

22  prejudice.  Petitioner may raise the claim by initiating a new federal civil right action.

23                                  **CONCLUSION**

24      1.  The petition is **DISMISSED** for the reasons set out above.

25      2.  Because reasonable jurists would not find the result here debatable, a certificate

26  of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)

27  (standard for COA).

28

                                        3

1    The clerk shall terminate all pending motions and close the file.

2    **IT IS SO ORDERED.**

3    Dated: January  28 , 2016



4    ELIZABETH D. LAPORTE
     United States Magistrate Judge

5

6    P:\PRO-SE\EDL\HC.15\Bowden305.dsm.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**United States District Court**
For the Northern District of California